## CHESTNUT WILLIAMS v. THE STATE.

### No. 3823.  Decided December 8, 1915.

**Murder—Sufficiency of the Evidence—Death Penalty—Motion for New Trial.**

Where, upon trial of murder inflicting the death penalty, the evidence overwhelmingly established a cold-blooded, premeditated, malicious and cruel murder, and defendant's motion for new trial presented no grounds which would authorize this court to reverse the judgment and remand the cause, the same is affirmed.

Appeal from the District Court of Brazoria.  Tried below before the Hon. Sam'l J. Styles.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*J. W. Munson* and *W. T. Williams,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of murder and his punishment assessed at death.

There is no bill of exceptions in the record. There was no exception to the court's charge. He made a motion for a new trial on these grounds: 1. Claiming that the verdict is contrary to the law and

unsupported by the evidence. 2. That the evidence adduced is not of that weight and does not come from that source that the law requires in order to justify the infliction of the death penalty. 3. That the witnesses showing his guilt were felony convicts, and their testimony was not entitled to that weight and credibility that would authorize the infliction of the death penalty. 4. That the jury were out only twenty minutes in considering their verdict, and that in substance this of itself shows the jury did not seriously consider the case. One of the attorneys appointed by the court to defend appellant made an affidavit that the jury were out in consideration of the case only twenty minutes. 5. That the killing occurred in a room where there were thirty or forty persons, and that upon a more thorough investigation and inquiry among these persons other testimony might be had showing, or tending to show, that some other person than appellant killed deceased; and that upon another trial a different verdict would probably be rendered. 6. That at the time, and since the homicide, he had been closely confined and chained and had no opportunity to investigate and prepare his defense; that the death penalty was too extreme, harsh and cruel to be enforced under the facts and circumstances of the case.

The judgment overruling appellant's motion for a new trial shows the trial judge heard the evidence on consideration of this motion. What that evidence was is in no way disclosed in this record.

The evidence by all the witnesses, and without contradiction, shows that both appellant and deceased were State convicts at the time of the homicide. They, with some thirty others, were in one of the State prison houses on one of the State convict farms. They were all locked up in this house at the time. Deceased was lying back in a barber chair in the room being shaved by another one of the convicts, with his face at the time he was cut turned to one side and away from whoever cut his throat. That a state of ill-feeling or hostility at the time existed between appellant and deceased, appellant himself testifying that a short time before they had had a fuss about a hoe, but about nothing else. Several others testified that they had had a fuss about a can of molasses also. At any rate, it seems there was no question but that ill-will existed between them. One of the white guards, not a convict, testified the deceased just a few days before had requested him to transfer him from that prison house to another, because appellant was also imprisoned therein. Appellant himself testified that he did not cut or kill the deceased, but claimed he did not know who did. Some other witnesses for him also testified that they did not see who killed the deceased. Perhaps one or more said that appellant was not at the chair when the deceased was cut. No ill-will or trouble is shown to have existed between deceased and any of the other convicts in said house. Five witnesses testified that they saw the killing; that, while deceased was in the barber chair, as described, with his face turned from where appellant was, appellant approached him deliberately, put his left hand on the forehead of deceased and with a razor or some other sharp instrument or knife cut his throat practically from ear to

ear, severing his windpipe and artery, from which he soon died; that, when appellant thus cut his throat, deceased jumped up and ran to the guard in the center of the room; that appellant ran after him and cut him in the back or side one time while he was running; that deceased did not speak after he was cut, because he could not; that when he got to the guard he tried to talk but could not.

We think the testimony overwhelmingly establishes a cold-blooded, premeditated, malicious and cruel murder of the deceased by appellant. It further occurs to us that, if the death penalty ought to be assessed in any case, this is a case justifying it. We further think that the appellant's motion for a new trial presents no ground which would authorize or justify this court to reverse this case.

The judgment is affirmed. *Affirmed.*